IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE, INDIANA

| | |
|---|---|
| FREDERICK RIDLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 3:22-cv-157 |
| ANCHOR INDUSTRIES, INC., | ) |
| | ) |
| and | ) |
| | ) |
| DAVID E. CONNER, CFO | ) |
| (In His Official And Individual Capacity) | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of acts and omissions by the Defendant. In support of his Complaint and as cause of action against the Defendants, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

2. This Court possesses proper subject matter and personal jurisdiction over the parties.

3. Venue in the United States District Court for the Southern District of Indiana is proper pursuant to 28 U.S.C. § 1391 *et seq*.

4. This suit is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*., 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991, Title

VII 42 U.S.C. § 2000e *et seq.* (as amended), and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

5. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to right to sue on August 4, 2022.

## PARTIES

6. Plaintiff is an African American man and at all relevant times resided in the Southern District of Indiana.

7. Defendant, Anchor Industries, Inc., is a corporation doing business in the State of Indiana in the Southern District of Indiana.

8. Defendant, DAVID E. CONNER, at the time of the events described in this Complaint was CFO for the Defendant, Anchor Industries.

## FACTS

9. Plaintiff is an African American male in a protected class based on race and because he belonged to an identifiable class of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics and race under 42 U.S.C. 1981 (Section 1981), Title VII 42 U.S.C. § 2000e et seq (as amended), Title VI, codified at 42 U.S.C. §§ 2000d et seq., and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

10. On April 1, 2014, Plaintiff was hired as a Floor Production worker by the Defendant.

11. Plaintiff performed his job well.

12. Plaintiff was eventually promoted to the position of Team Lead.

13. Plaintiff is one of only a few African Americans working for the Defendant and the only African American working in his department.

14. Plaintiff frequently spoke to Defendant, Anchor Industries', management about getting lower pay than his Caucasian coworkers and failing to upgrade his pay after not receiving raises for long periods of time.

15. In March of 2021, Defendants mandated a diversity training seminar for management and administrative staff. During the training, the Plaintiff's Corporate Executive Officer (CFO), Defendant DAVID E. CONNER, stated, "How many of us are a little racist?" and encouraged employees to raise their hands. He then stated, "the nigger at the table will never agree with us" and then looked directly at the Plaintiff.

16. After the meeting, the Plaintiff complained to management that he felt uncomfortable due to comments made in the training and the fact that there were very few black employees in leadership roles.

17. Defendants and management took no action regarding the Plaintiff's complaint.

18. In mid-April of 2021, the Plaintiff told his manager that he was interested in a position that would have been a promotion. Later, Defendant's (Anchor Industries) management stated that they didn't think he was serious about the job, and that he was a "four-star employee and not a five-star employee." Afterwards, Plaintiff's manager called him into his office to discuss his allegations of discrimination. Plaintiff's manager denied that there was any racial animus in the Defendants' workplace and required Plaintiff to read a poem he stated was "written by a black man" out-loud in his office before the Plaintiff was allowed to return to work.

19. Later that day, Defendant, CFO DAVID E. CONNER, called the Plaintiff into his office and asked him if he had an issue with what he said during the diversity training. When the Plaintiff repeated the CFO's comments, the CFO confirmed that he did make those comments and stated that he did not believe there was any discrimination occurring.

20. On Wednesday, April 21, 2021, the Plaintiff again complained to Human Resources that he was being discriminated against due to his race.

21. On May 11, 2021, a Manager and Human Resource Manager called the Plaintiff into the office to talk about his allegations of discrimination and unequal pay. Plaintiff stated that he did not want to speak about these issues any longer. Management stated that if he would not speak about the issues, he would be terminated. Plaintiff stated that he was uncomfortable. In response, management walked the Plaintiff out and terminated him.

22. Similarly situated Caucasian employees have engaged in conduct of comparable seriousness and were not terminated.

<u>Discriminatory Discharge</u>

23. Plaintiff was discharged due to being a member of a protected class based on race, ancestry, and national origin as an African American male.

24. Plaintiff was discharged due to being a member of a protected identifiable class which is subjected to intentional discrimination solely because of their race, ancestry or ethnic characteristics.

25. Plaintiff was discharged due to his race.

<u>Discrimination Due to Engaging in Protected Activity</u>

26. Plaintiff was terminated due to Plaintiff engaging in protected activity of complaining to management and human resources regarding the discriminatory statements and conduct of management for the Defendant.

27. Plaintiff was terminated due to Plaintiff engaging in protected activity of complaining to management and human resources regarding his discriminatory pay, Defendants' discriminatory failure to promote the Plaintiff, and discriminatory lack in pay raises based on his race by the Defendant.

28. Discrimination: Protected Activity

29. Plaintiff was discharged due to engaging in a protected activity of complaining to Defendant's, Anchor Industries, management regarding not receiving raises.

30. Plaintiff was discharged due to engaging in a protected activity of complaining regarding Caucasian coworkers receiving higher pay.

31. Plaintiff was discharged due to engaging in a protected activity of complaining regarding Defendant's management making racial epithets toward the Plaintiff.

32. Plaintiff was discharged due to engaging in a protected activity of complaining to Human Resources and management regarding a Defendant's manager coercing the Plaintiff to read a poem written by an African American in a discriminatory and hostile manner.

33. Plaintiff was discharged due to engaging in a protected activity of complaining regarding not receiving pay equal to his similarly situated Caucasian coworkers.

Retaliation

34. Plaintiff was retaliated against by the Defendants by discharging the Plaintiff for making complaints about being paid less than his similarly situated Caucasian coworkers.

35. Plaintiff was retaliated against by the Defendants by discharging the Plaintiff for complaining about racial slurs and epithets by management during diversity training.

36. Plaintiff was retaliated against by the Defendants by discharging the Plaintiff for complaining about management forcing him to read a poem written by an African American.

37. Plaintiff was retaliated against by the Defendants by discharging the Plaintiff for making complaints and refusing to make further complaints that would cause him to be subjected to more hostile and discriminatory actions from the Defendants.

38. Plaintiff was retaliated against by the Defendants when the Defendants did not take action regarding his complaints of discrimination and causing a chilling effect with the Plaintiff and then terminating him.

Hostile Work Environment

39. Plaintiff was subjected to working in a hostile work environment due to being harassed by the Defendants, embarrassed by being the subject of racial epithets in front of coworkers by the Defendants, by a manager forcing him to read a poem written by an African American out loud, not increasing his salary, not promoting him, not taking action on his complaints of discrimination, causing a chilling effect with the Plaintiff, attempting to force him to make further complaints and discuss previous complaints and possibly subjecting him to more adverse actions and discrimination, and discharging the Plaintiff.

Failure To Increase Wages

40. Plaintiff's salary was not increased due to being in the protected class of race and in a protected identifiable class which is subjected to intentional discrimination solely

because of his ancestry and ethnic characteristics and complaining about discriminatory actions of the Defendants.

41. Plaintiff did not receive raises like his similarly situated Caucasian coworkers.

Failure To Promote

42. Plaintiff was not considered for a promotion due to being in the protected class of race and in a protected identifiable class which is subjected to intentional discrimination solely because of his ancestry or ethnic characteristics and complaining regarding discriminatory actions of the Defendants.

43. Plaintiff did not receive a promotion that he was qualified for due to his race.

FLSA

44. Defendants discriminated against the Plaintiff due to his race, ancestry and national origin by paying him less than other similarly situated Caucasian coworkers, failing to increase his salary like his similarly situated coworkers, failing to promote him, disciplining him, harassing him, and discharging him in violation of the FLSA.

45. Defendants retaliated against the Plaintiff due to his engaging in protected activity by complaining about not receiving raises, failing to be promoted, having a salary less than his Caucasian coworkers, and being racially discriminated against by racial epithets and being forced to read out loud a poem written by an African American.

Title VI

46. Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq. ("Title VI") prohibits discrimination on the basis of race in any program or activity that receives Federal funds or other Federal financial assistance.

47. The Paycheck Protection Program (PPP), enacted as part of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), provided small businesses with approximately $800 billion in low-interest uncollateralized loans from April 3, 2020, through May 31, 2021.[1]

48. Defendant received federal funding or financial assistance from the Paycheck Protection Program (PPP) created as part of the Coronavirus Aid, Relief, and Economic Security Act (commonly known as the "CARES Act") in response to the COVID-19 pandemic.

49. Defendant received approximately $3,211,605.56 federal funding or financial assistance from the PPP. [2]

50. Defendant, Anchor Industries, has approximately 300 employees. [3]

51. Defendants discriminated against the Plaintiff due to his race, ancestry or national origin by paying him less than other similarly situated Caucasian coworkers, failing to increase his salary like other similarly situated coworkers, failing to promote him, disciplining him, harassing him, making racial epithets toward him, forcing him to read a poem written by an African American out loud, embarrassing, harassing, and discharging him in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq.

52. Defendant, CFO DAVID E. CONNER, harbored racial animus against the Plaintiff.

53. Defendant, Anchor Industries, harbored racial animus against the Plaintiff.

54. Defendants intentionally discriminated against the Plaintiff.

---

[1] https://www.usaspending.gov/disaster/covid-19?publicLaw=all
[2] https://www.usaspending.gov/award/ASST_NON_8940727005_7300
[3] https://anchorinc.com

## COUNT I

*42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991-Against All Defendants including the CFO in his official and individual capacities*

55. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

56. Defendant, as a result of discharging Plaintiff due to his race, violated 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

## COUNT II

*42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991-Against All Defendants including the CFO in his official and individual capacities*

57. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

58. Defendant, as a result of discharging the Plaintiff due to his engaging in protected activity, violated 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

## COUNT III

*42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991-Against All Defendants including the CFO in his official and individual capacities*

59. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

60. Defendant, as a result of failing to promote the Plaintiff due to his race, violated 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

## COUNT IV

*42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991-Against All Defendants including the CFO in his official and individual capacities*

61. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

62. Defendant, as a result of failing to increase the Plaintiff's salary due to his race, violated 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

**COUNT V**

*42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991-Against All Defendants including the CFO in his official and individual capacities*

63. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

64. Defendant, as a result of not paying the Plaintiff's salary equal to those of his coworkers due to his race, violated 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

**COUNT VI**

*Title VII 42 U.S.C. § 2000 et seq.-Against Defendant, Anchor Industries*

65. Plaintiff incorporates by reference the proceeding above paragraphs 1-54 as if fully rewritten herein.

66. Defendant, as a result of not providing the Plaintiff's salary increases due to his race, violated Title VII 42 U.S.C. § 2000 *et seq*.

**COUNT VII**

*Title VII 42 U.S.C. § 2000 et seq. .-Against Defendant, Anchor Industries*

67. Plaintiff incorporates by reference the proceeding above paragraphs 1-54 as if fully rewritten herein.

68. Defendant, as a result of not increasing wages of the Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 *et seq*.

## COUNT VIII

*Title VII 42 U.S.C. § 2000 et seq. .-Against Defendant, Anchor Industries*

69. Plaintiff incorporates by reference the proceeding above paragraphs 1-54 as if fully rewritten herein.

70. Defendant, as a result of failing to promote the Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 *et seq*.

## COUNT IX

*Title VII 42 U.S.C. § 2000 et seq. .-Against Defendant, Anchor Industries*

71. Plaintiff incorporates by reference the proceeding above paragraphs 1-54 as if fully rewritten herein.

72. Defendant, as a result of administering discipline to the Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 *et seq*.

## COUNT X

*Title VII 42 U.S.C. § 2000 et seq. .-Against Defendant, Anchor Industries*

73. Plaintiff incorporates by reference the proceeding above paragraphs 1-54 as if fully rewritten herein.

74. Defendant, as a result of discharging the Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 *et seq*.

## COUNT XI

*Title VII 42 U.S.C. § 2000 et seq.-Against Defendant, Anchor Industries*

75. Plaintiff incorporates by reference the proceeding above paragraphs 1-54 as if fully rewritten herein.

76. Defendant, as a result of harassing the Plaintiff in the workplace due to his race, violated Title VII 42 U.S.C. § 2000 *et seq*.

## COUNT XII

*Title VII 42 U.S.C. § 2000 et seq. .-Against Defendant, Anchor Industries*

77. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

78. Defendant, as a result of the Plaintiff working in a hostile work environment due to his race, violated Title VII 42 U.S.C. § 2000 *et seq*.

## COUNT XIII

*Title VII 42 U.S.C. § 2000 et seq.-Against Defendant, Anchor Industries*

79. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

80. Defendant, as a result of retaliating against the Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 *et seq*.

## COUNT XIV

*Title VII 42 U.S.C. § 2000 et seq.-Against Defendant, Anchor Industries*

81. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

82. Defendant, as a result of retaliating against the Plaintiff due to his engaging in protected activity, violated Title VII 42 U.S.C. § 2000 *et seq*.

## COUNT XV

*Fair Labor Standards Act, 29 U.S.C. §201 et seq. -Against All Defendants including the CFO in his official and individual capacities*

83. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

84. Defendant, as a result of discharging the Plaintiff due to his engaging in protected activity, violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

## COUNT XVI

*Fair Labor Standards Act, 29 U.S.C. §201 et seq. -Against All Defendants including the CFO in his official and individual capacities*

85. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

86. Defendant, as a result of discharging the Plaintiff, due to engaging in protected activity of making complaints to Defendant regarding: not being considered for a promotion, not receiving normal raises, declining to recommend normal raises, and receiving lower wages than his Caucasian coworkers, violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

## COUNT XVII

*Fair Labor Standards Act, 29 U.S.C. §201 et seq. -Against All Defendants including the CFO in his official and individual capacities*

87. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

88. Defendant, as a result of failing to promote the Plaintiff due to engaging in protected activity of making complaints to Defendant regarding: not being considered for a promotion, not receiving normal raises, declining to recommend normal raises, and receiving lower wages than his Caucasian coworkers, violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

**COUNT XVIII**

*Fair Labor Standards Act, 29 U.S.C. §201 et seq. -Against All Defendants including the CFO in his official and individual capacities*

89. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

90. Defendant, as a result of declining to give or recommend normal raises to the Plaintiff, due to his engaging in protected activity of voicing complaints to the Defendant regarding: not being considered for a promotion, receiving lower wages than his Caucasian coworker, and not receiving normal raises in his salary, violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*.

**COUNT XIX**

*Fair Labor Standards Act, 29 U.S.C. §201 et seq. -Against All Defendants including the CFO in his official and individual capacities*

91. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

92. Defendant, as a result of paying the Plaintiff less than his coworkers, due to his engaging in protected activity of making complaints to Defendant regarding: not being considered for a promotion, not receiving normal raises, declining to recommend normal

raises, and receiving lower wages than his Caucasian coworkers, violated the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*.

**COUNT XX**

*Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. -Against Defendant, Anchor Industries*

93. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

94. Defendant, as a result of making racial discriminatory epithets toward the Plaintiff, violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

**COUNT XXI**

*Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. -Against Defendant, Anchor Industries*

95. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

96. Defendant, as a result of discharging Plaintiff for engaging in protected activity, violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

**COUNT XXII**

*Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. -Against Defendant, Anchor Industries*

97. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

98. Defendant, as a result of forcing the Plaintiff read a poem written by an African American out loud, violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

## COUNT XXIII

*Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. -Against Defendant, Anchor Industries*

99. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

100. Defendant, as a result of paying the Plaintiff less than his Caucasian coworkers due to his race, violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

## COUNT XXIV

*Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. -Against Defendant, Anchor Industries*

101. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

102. Defendant, as a result of failing to promote the Plaintiff due to his race, violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

## COUNT XXV

*Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. -Against Defendant, Anchor Industries*

103. Plaintiff incorporates by reference the proceeding paragraphs 1-54 as if fully rewritten herein.

104. Defendant, as a result of failing to give him raises like his Caucasian coworkers due to his race, violated Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

/s/Julie C. Alexander
Julie C. Alexander 25278-49
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now, the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s// Julie C. Alexander
Julie C. Alexander 25278-49
Attorney for Plaintiff

Julie C. Alexander 25278-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416